HOWELL et al. v. BROWN-KETCHAM IRON WORKS.

(Supreme Court, Appellate Term. June 5, 1908.)

WORK AND LABOR—CONTRACTS—IMPLIED AGREEMENTS FOR MATERIALS.

Defendant, who had a general contract to construct a building, subcontracted for the iron and steel work, which subcontract provided that if the subcontractor abandoned the work, defendant might have the use of the derricks and all other appliances in the building without charge for the use thereof. Plaintiffs contracted with the subcontractor to furnish the iron and steel work, without knowledge of the contract of defendant with the subcontractor, and their contract contained substantially the same provision as to the taking possession of and use of derricks and other appliances on abandonment of the work. The subcontractor did not make payments, as agreed, to plaintiffs, and plaintiffs ceased to do any further work, whereupon defendant took possession of plaintiffs' derricks and other tools and appliances and used them. *Held*, that plaintiffs were entitled to recover the usable market value of their derricks and other tools and appliances detained from them and used by defendant.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Israel G. Howell and another against the Brown-Ketcham Iron Works. Judgment for defendant, and plaintiffs appeal. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

John H. Taylor, for appellants.

Robinson, Biddle & Ward (Norman B. Beecher, of counsel), for respondent.

GERARD, J. The action was brought to recover $480 as the reasonable value of the use by the defendant of certain planks, tools, and appliances of the plaintiffs for a period of 90 days. There was no substantial conflict of testimony as to any material fact, except the reasonable value of the use of the property. The defendant had a general

contract for the building of a hotel called the "Hotel Hargrave." One of the defendant's subcontractors was the Manhattan Contracting Company, which contracted to furnish the iron and steel work. This contract contains a clause which provided that in case the contractor for any reason abandoned the work on the building, except in case of strike, that the said first party (defendant here) may take possession and have the use of the derricks and all other tools and appliances in the building, and proceed with the work to a finish, without interruption or any charges for the use thereof by the party of the second part. This Manhattan Contracting Company in turn made a written contract with the plaintiffs by which the plaintiffs agreed to furnish the iron and steel work on the building. There is no mention of, or reference in this contract to, the contract of the Manhattan Contracting Company with the defendant.

Plaintiffs testified that they knew nothing of the contract of defendant with the Manhattan Contracting Company. Their contract with the Manhattan Contracting Company contains substantially the same clause as the clause above referred to in the contract between the defendant and the Manhattan Contracting Company. The Manhattan Contracting Company did not make certain payments which it agreed to make to plaintiffs on the 1st of December, and plaintiffs therefore ceased to do any further work under their contract. Defendant thereupon immediately took possession of the plaintiffs' engine, derrick, tools, and timber, and the claim is made that this defendant had the right to use this property of plaintiffs without making them any compensation therefor.

It is argued that the plaintiffs were subcontractors for the iron work and abandoned their contract before completion; but, when plaintiffs were not paid by the Manhattan Contracting Company, that company was the first one to break the contract, and the plaintiffs had a perfect right to cease to do any further work on the premises. Merely because there was a similar clause in the contract between plaintiffs and Manhattan Contracting Company and the Manhattan Contracting Company and defendant does not give the defendant the right to make use of, as against these plaintiffs, any right which it had against the Manhattan Contracting Company. There were no contractual relations whatever between these plaintiffs and the defendant, and the plaintiffs are entitled to recover the usable market value of their appliances detained from them and made use of by the defendant.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.